IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|                                              |                          |
| -------------------------------------------- | ------------------------ |
| KRAIG COBURN,                                |                          |
|     Plaintiff,           |                          |
|                                              |                          |
| v.                                           | CASE NO.: _____  |
|                                              |                          |
| HUGHES, MARTINI & ASSOCIATES, LLC,           |                          |
|     Defendant.           |                          |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kraig Coburn ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Hughes, Martini & Associates, LLC ("HMA") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Maine Fair Debt Collection Practices Act, 32 M.R.S. § 11001, et seq., and the Florida Consumer Collection Practices Act ("FFCPA") § 392.001, et seq.

2. Defendant is subject to the collection laws of the state of Maine because it directed its conduct toward Plaintiff who was a resident of Maine at all time relevant hereto.

3. Defendant is subject to the collection laws of the state of Florida because it was located in and operating from the state of Florida at all times relevant hereto.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

7. Plaintiff is a natural person, who at all relevant times resided in Cumberland County, Maine.

8. HMA is a Florida LLC with principal offices situated in Delray Beach, Florida according to its registration with the Florida Secretary of State.

9. HMA is not registered to do business in Maine.

10. HMA is not licensed to collect debts from residents of Maine as required by 32 M.R.S. § 11031(1).

11. HMA can be served in the state of Florida via its registered agent, Lifchin Atar., at 955 NW 17th Ave., Bldg A, Delray Beach, FL 33445.

## FACTUAL ALLEGATIONS

12. Plaintiff is allegedly obligated on an old credit account (hereinafter referred to as "Account") allegedly incurred owing to Certified Collectibles Group. The Account was the result of an evaluation of the market value of various personal collectible cards, namely a collection of "Pokémon" cards that were collected as a personal hobby. The alleged Account arose because of personal or family purposes, not for business or commercial purposes in any way.

13. The account originated with an entity other than HMA and went into default prior to being sold or otherwise transferred to HMA.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), 32 M.R.S. § 11002(3) and Fla. Stat. §559.55(8). Plaintiff is also a "person" as defined by 32 M.R.S. § 11002(8).

15. Plaintiff is a "debtor" as defined by Fla. Stat. §559.55(8).

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5), 32 M.R.S. § 11002(5) and Fla. Stat. §559.55(6).

17. At all times relevant hereto, HMA used the fictitious business name "Martini, Hughes & Grossman."

18. On HMA's website (http://mhg.bz/consumer-collection-services/) (last visited January 5, 2024) states, among other things, the following:

> Martini, Hughes & Grossman's Consumer Collection department specializes in debts owed to our clients by our individual consumers.
> …
> In-house Certified Fraud Examiners utilize industry leading tools to track down and investigate debtors in order to locate and negotiate payment.

19. HMA engaged in debt collection activity directed at Plaintiff as described below.

20. The principal purpose of HMA is the collection of debts using the mails and telephone and other means.

21. HMA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), 32 M.R.S. § 11002(6) and Fla. Stat. §559.55(7).

22. In recent years, Plaintiff sent a number of Pokémon trading cards to a company that evaluates, grades and values such cards.

23. Unknown to Plaintiff, a very high fee was being charged by the evaluating company for its services.

24. When Plaintiff did not agree with the high price the evaluating company charged Plaintiff, the evaluating company hired HMA to collect the amount allegedly owed.

25. In the one year prior to the filing of this case, HMA and/or representative(s), employee(s) and/or agent(s) of HMA made telephone calls to Plaintiff to collect the Account.

26. In the one year prior to the filing of this Complaint, HMA left a voicemail for Plaintiff which stated:

> Yes, my name is Ed Stewart. I'm calling from the firm, Martini, Hughes and Grossman. Mr. Coburn, my firm has been retained by the Certified Collectibles Group. You have an outstanding balance with my client of 627, 60 cents. They have asked my firm to credit report. Can you please call me back and explain to me how we can take care of the 627, 60 cents? Give me a quick call back. (561) 266-9877. Ed Stewart.

27. In the one year prior to the filing of this Complaint, HMA left another voicemail for Plaintiff which stated:

> Yes, Mr. Coburn, it's Ed Stewart, calling from the firm Martinez Hughes and Grossman. Good morning. Second courtesy call on the Certified Collectibles Group. I had left a message for you the other day. Balance due is $627.60. They're on my back to credit report for nonpayment. Can you please call me back or have your attorney call me back so I could give my client the update on why this is not being paid? That's 561-266-9877.

28. In the one year prior to the filing of this Complaint, HMA also left a voicemail for Plaintiff which stated:

> Hi, Mr. Coburn. It's Ed Stewart. Martini Hughes and Grossman. Shame on you. I thought when I emailed you the backup for the Certified Collectibles Group that we could have some conversation and get my pay - my client paid. And that fell on dumb ears. I want to know what was going on with the Pokémon. You asked my client to certify it for you and now I have to go and credit report you on, on uh, Wednesday. It doesn't make sense to me. So why would you want this to happen? Please call me back with your credit card. Alright, so can resolve this. My client sent you back your Pokémon merchandise and now they have to get paid. That's 561-266-9877.

29. In the one year prior to the filing of the complaint in this matter, Plaintiff called HMA and was told that HMA would report the Account "to [his] credit" if he did not immediately repay the Account.

30. All of the threats to report the Account to any of the credit reporting agencies was false and misleading information and a false representation of the services rendered by HMA

as HMA did not have the present intention of reporting the Account to any of the three major credit reporting agencies (Equifax, Experian, Trans Union) when the threats were made.

31. The words HMA's employee used in its communications with Plaintiff caused Plaintiff to believe that derogatory remarks regarding Plaintiff would be submitted to one or more of the three major credit reporting agencies immediately if the Account was not immediately repaid.

32. The least sophisticated consumer would have believed that derogatory remarks regarding Plaintiff would be submitted to one or more of the three major credit reporting agencies immediately if the Account was not immediately repaid.

33. HMA intended for Plaintiff to believe that derogatory remarks regarding Plaintiff would be submitted to one or more of the three major credit reporting agencies immediately if the Account was not immediately repaid despite the fact that HMA knew that it would not report derogatory information about Plaintiff or Plaintiff's Account to a credit reporting agency.

34. As of the filing of this complaint – many months after the threats were made – no derogatory information has been reported to any of the three major credit reporting agencies.

35. The use of the words "that fell on dumb ears" was rude, insulting and humiliating to Plaintiff. The natural consequence of using words such as these was to abuse the hearer.

36. The use of the words "have your attorney call me back" were intended to cause Plaintiff to believe that the collection efforts by HMA had escalated to that of suing Plaintiff on the Account.

37. Further the use of the name "Martini, Hughes and Grossman" was intended by HMA to cause Plaintiff and other consumers to believe that it was a law firm and that the Account was being collected by attorneys.

38. The least sophisticated consumer would have believed that the collection efforts by HMA had escalated to that of suing Plaintiff on the Account if the Account was not immediately repaid.

39. However, any threat to sue Plaintiff, direct or implied, was false and misleading as HMA did not have the present intention of suing Plaintiff on the Account when the threats were made and HMA does not employ attorneys to assist it in its collection of debts from consumers.

40. HMA never informed Plaintiff of Plaintiff's rights to dispute the debt and/or request validation of the debt as required by 15 U.S.C. § 1692g(a).

41. In one or more communications with Plaintiff, HMA failed to inform Plaintiff that it was a debt collector, and/or that HMA was attempting to collect a debt and/or that any information obtained from Plaintiff would be used for the purpose of debt collection.

42. The purpose for the communication(s) with Plaintiff described above by HMA was to attempt to collect the Account.

43. The telephone call(s) described above conveyed information regarding the account directly or indirectly to Plaintiff.

44. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

45. The only reason that HMA and/or representative(s), employee(s) and/or agent(s) of HMA made telephone call(s) to Plaintiff was to attempt to collect the Account.

46. The only reason that HMA and/or representative(s), employee(s) and/or agent(s) of HMA had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

47. The conduct of HMA as described above was done knowingly and willfully and purposefully.

48. The collection practices of HMA caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

49. As a direct and proximate result of the aforesaid actions, Plaintiff suffered actual damages and seeks recovery pursuant to 15 U.S.C. § 1692k(a), 32 M.R.S. § 11054(1) and Fla. Stat. 559.77(2).

## RESPONDEAT SUPERIOR

50. The representative(s) and/or collector(s) at HMA were employee(s) and/or agent(s) of HMA at all times mentioned herein.

51. The representative(s) and/or collector(s) at HMA were acting within the course and/or scope of their employment at all times mentioned herein.

52. The representative(s) and/or collector(s) at HMA were under the direct supervision and/or control of HMA at all times mentioned herein.

53. The actions of the representative(s) and/or collector(s) at HMA are imputed to their employer, HMA.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY HUGHES, MARTINI & ASSOCIATES, LLC

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of HMA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) & 15 U.S.C. §1692e(2)&(3)&(5)&(8)&(10)&(11) and § 1692g(a).

56. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from HMA.

## COUNT II: VIOLATIONS OF THE
## MAINE FAIR DEBT COLLECTION PRACTICES ACT, 32 M.R.S. § 11001, et seq.
## BY HUGHES, MARTINI & ASSOCIATES, LLC

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The act(s) and omission(s) of HMA and its representative(s), employee(s) and/or agent(s) violated 32 M.R.S. § 11013(1)(B) and 32 M.R.S. § 11013(2)(B)&(C)&(E)&(H)&(J)&(K-1).

59. Pursuant to 32 M.R.S. § 11054(1)(A)&(B)&(D), Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs from Defendant.

## COUNT III: VIOLATIONS OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## BY HUGHES, MARTINI & ASSOCIATES, LLC

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of HMA and its representative(s), employee(s) and/or agent(s) violated Fla Stat. § 559.72(8)&(10)&(12).

62. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks statutory damages, punitive damages, reasonable attorney's fees and costs from Defendant.

63. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks an injunction against Defendant enjoining it from future violations of the Florida law as described herein.

## JURY TRIAL DEMAND

64. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

65. Judgment in favor of Plaintiff and against Hughes, Martini & Associates, LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to 32 M.R.S. § 11054(1)(A);

   e. Statutory damages in the amount of $1,000.00 pursuant to 32 M.R.S. § 11054(1)(B);

   f. Reasonable attorneys fees and costs pursuant to pursuant to 32 M.R.S. § 11054(1)(D); and

   g. Actual damages pursuant to Fla. Stat. § 559.77(2);

   h. Statutory damages in the amount of $1,000.00 pursuant to Fla. Stat. § 559.77(2);

   i. Punitive damages pursuant to Fla. Stat. § 559.77(2);

   j. An injunction permanently enjoining HMA following trial of this cause from committing acts in violation of the Florida Statutes as cited herein pursuant to Fla. Stat. § 559.77(2);

   k. Reasonable attorneys fees and costs pursuant to pursuant to Fla. Stat. § 559.77(2); and

   l. Such other and further relief as the Court deems just and proper.

Dated at Portland, Maine, this 23rd day of January 2024.

                                              LAW OFFICE OF J. SCOTT LOGAN, LLC

                                              By: */s/ J. Scott Logan*
                                              J. Scott Logan, Esq.
                                              Counsel for Plaintiff
                                              75 Pearl Street, Ste. 211
                                              Portland, Maine 04101

                                              (207) 699-1314